AO 72A
(Rev. 8/82)

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 NOV 19 P 12: 0
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

SCOTT HINTZ,  )
           Petitioner,  )  CIVIL ACTION NO.: CV213-126
           )
      v.  )
           )
SUZANNE HASTINGS,  )
           Respondent.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Scott Hintz ("Hintz"), an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Hintz filed a Response. For the following reasons, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Hintz was convicted, after pleading guilty to an information in the Northern District of Georgia, of bank fraud, in violation of 18 U.S.C. § 1344. The court sentenced Hintz to 57 months' imprisonment and five (5) years' supervised release. Hintz filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed Hintz's conviction and sentence. Hintz filed a motion to set aside, correct, or vacate his sentence pursuant to 28 U.S.C. § 2255, and raised contentions of due process violations, deprivation of

access to the court, the lack of an attorney-client relationship, and the lack of jurisdiction. (CV212-176, Doc. No. 1, p. 2). This motion was denied. (Doc. No. 9, p. 2).

The Honorable Clarence Cooper revoked Hintz's supervised release on February 26, 2012, and sentenced Hintz to 36 months' imprisonment. (Id.). Hintz appealed his revocation, and the Eleventh Circuit remanded. On remand, Hintz's sentence was re-imposed. (Id.).

Hintz filed a previous section 2241 petition in this Court. Hintz contended that he is actually innocent of the crime for which he was convicted. Hintz also contended that: he did not have an attorney-client relationship; he was held without jurisdiction; exculpatory evidence was hidden from him; the witnesses provided false testimony, of which the Government was aware; defense counsel was paid by people with interests adverse to him; other Government witnesses had conflicts of interest and testified falsely; and the Government and defense counsel hid these due process concerns from him. (CV212-176, Doc. No. 1, p. 4). Hintz asserted that he could not file any motions with the Northern District of Georgia court because he had filings pending in that court pertaining to his claims of the lack of attorney-client relationship and recusal of the witness-officers. (Id. at Doc. No. 1, p. 5). This petition was dismissed. (Id. at Doc. Nos. 19, 23, 24).

Hintz filed another § 2255 motion in the Northern District of Georgia in August 2013. He asserted that all of the parties to his case agreed that he was actually innocent of the offense of conviction. This motion is pending. (CR103-131, Doc. No. 636) (N.D. Ga.).

In this petition, Hintz contends that all interested parties have agreed, accepted, and understood that he is actually innocent of his offense of conviction. Hintz has submitted copies of affidavits and his pending § 2255 motion as support for his petition. Respondent asserts that Hintz does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Hintz's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Hintz asserts that he brings this action pursuant to section 2241 because the

3

AO 72A
(Rev. 8/82)

remedy afforded under § 2255 is inadequate to address the issues raised in this petition. (Doc. No. 1, p. 1). Hintz also asserts that § 2241 provides him with the only access to the courts he has since he has pending motions and other pleadings filed with the Northern District of Georgia. (Id. at p. 2).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Hintz has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Hintz shown that his claims were foreclosed on a previous occasion. In other words, Hintz has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Simply because Hintz's contentions were not sustained on previous occasions or he failed to assert these claims on previous occasions, does not render § 2255 inadequate or ineffective to permit Hintz to proceed pursuant to section 2241. Because Hintz has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

4

Hintz cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Hintz is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Hintz's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of November, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)